*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**CONCURRING OPINION**

No. 04-08-00546-CR

Michael **URDIALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 232465
Honorable Brenda Chapman, Judge Presiding[1]

Opinion by:    Phylis J. Speedlin, Justice
Concurring opinion by:  Sandee Bryan Marion, Justice

Sitting:      Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  July 1, 2009

I agree with the majority that this court may not address defendant's argument that the "racing on a highway" statute is vague on its face because he failed to show the statute was unconstitutionally vague as applied to him; therefore, I concur in the majority's holding.  I write separately; however, to urge the Legislature to amend the statute's definition of "race" because I believe the definition may render the statute impermissibly vague.

---

[1] Sitting by assignment.

A statute is impermissibly vague if it fails to provide a person of ordinary intelligence with sufficient information to know his conduct risks violating the criminal law.[2] *See Roberts v. State*, 278 S.W.3d 778, 791 (Tex. App.—San Antonio 2008, pet. filed); *see also State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006).  Therefore, "we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 92 S. Ct. 2294, 2298 (1972).

Here, the Texas Transportation Code prohibits a person from participating in various forms of "racing on a highway" and the Code specifically enumerates those prohibited forms of "racing on a highway" to include a "race."  TEX. TRANSP. CODE ANN. § 545.420(a)(1) (Vernon Supp. 2008). Ordinarily, words not defined in a statute are given their plain meaning.  *Holcombe*, 187 S.W.3d at 499.  Here, however, the Legislature has provided a specific statutory definition of the word "race," which is "the use of one or more vehicles in an attempt to (A) outgain or outdistance another vehicle or prevent another vehicle from passing; (B) arrive at a given destination ahead of another vehicle or vehicles; or (C) test the physical endurance of an operator over a long-distance driving route." TEX. TRANSP. CODE ANN. § 545.420 (b)(2)(A).

The specific form of racing with which defendant here was charged is that portion of the statute defining "race" as using one or more vehicles in an attempt to "outgain or outdistance another vehicle." *See* TEX. TRANSP. CODE ANN. § 545.420(b)(2)(A).[3]  This statutory definition places an

---

[2] A second test used to determine whether a statute is impermissibly vague involves an inquiry into whether the statute fails to provide "sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement." *Roberts v. State*, 278 S.W.3d 778, 791 (Tex. App.—San Antonio 2008, pet. filed).  Either test provides an independent basis on which to find a statute vague. *Adley v. State*, 718 S.W.2d 682, 685 (Tex. Crim. App. 1985).

[3] Webster's Dictionary defines "race" as "a contest of speed," "to go or move at top speed or out of control," "to drive at top speed," "to transport or propel at maximum speed," "to speed (as an engine) without a working load or with the transmission disengaged."  WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 969 (1983).  Despite the clarity of this definition, courts must only use the definition provided by the Legislature.

ordinary law-abiding person into the position of committing an offense, even if he is otherwise observing the speed limit, simply by using his vehicle to pass another vehicle. Surely the Legislature did not intend to criminalize behavior that occurs everyday on every highway in this State. Therefore, I do not believe section 545.420(a)(1), (b)(2)(A) gives fair warning of the prohibited conduct. *See Grayned*, 92 S. Ct. at 2299 ("Vague laws may trap the innocent by not providing fair warning."). Accordingly, I urge the Legislature to amend its definition of "race" so that the statute does not become a trap for the innocent.

Sandee Bryan Marion, Justice

PUBLISH